# IN THE COURT OF APPEALS OF IOWA

No. 16-0742
Filed June 7, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JAMAL L. RANDOLPH,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.


　　　　Jamal Randolph appeals his conviction for perjury, challenging the sufficiency of the evidence to support his conviction. **AFFIRMED.**


　　　　Chad D. Primmer of Chad Douglas Primmer, P.C., Council Bluffs, for appellant.

　　　　Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.


　　　　Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

Jamal Randolph was involved in an altercation with his nephew, Roderick Banks. He told police Banks pulled a gun on him. At Banks' trial on charges of assault and felon in possession of a firearm, Randolph backtracked and, testifying for the defense, stated Banks never had a gun.

The State charged Randolph with perjury. *See* Iowa Code § 720.2 (2015). A jury found him guilty. On appeal, Randolph challenges the sufficiency of the evidence supporting the jury's finding of guilt. He acknowledges his statements to police and his statements at Banks' trial were "inconsistent" but contends he "gave a plausible explanation" for the contradictory statements. We will not disturb a jury finding of guilt "if there is substantial evidence to support the finding." *See State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015).

The jury was instructed the State would have to prove the following elements of perjury:

> 1. On or about the 3rd day of December, 2014, the defendant was under oath.
> 2. The oath was made in trial in *State v. Roderick Banks*, Woodbury County criminal number FECR089237.
> 3.     a. The defendant made statements of material fact, specifically that Roderick Banks did not possess a gun in Jamal Randolph's apartment on August 21, 2014: and/or
>     b. The defendant made denials of certain material facts, specifically Jamal Randolph denied even seeing a gun in his apartment on August 21, 2014.
> 4.     a. The statements were false when they were made.
>     b. denials of the facts were false when they were made.
> 5. The defendant knew the statements and/or denials were false.

Randolph indisputably made contradictory statements at the time of the altercation and at the time of trial. In a 911 call, in conversations with police at the scene, and in an interview at the police station, he asserted Banks had a gun. At Banks' trial, he asserted Banks did not have a gun. But the jury was instructed these contradictory statements were insufficient to establish the falsity of his trial testimony. Specifically, the jury was advised:

> Evidence that the defendant made contradictory statements has been received. The defendant's contradictory statements alone do not mean one statement is false. The falsity of a statement must be shown by the testimony of other witnesses or by other facts and circumstances in addition to the testimony of one witness.

The question becomes whether the State proved the falsity of Randolph's trial testimony by means other than Randolph's inconsistent statements.

A reasonable juror could have found Randolph's initial version of events was the true version based on a police officer's discovery of a handgun on the driver's seat of a vehicle Banks exited. Police also corroborated other aspects of Randolph's initial version, lending credence to that version. For example, Randolph asserted Banks hit him with an ashtray and police found a broken ashtray at the scene.

The record contains substantial independent evidence of the truth of Randolph's initial version of events. It follows that a juror reasonably could have determined his trial testimony was false.

We turn to Randolph's suggestion that he had a "plausible explanation" for the inconsistency. Iowa Code section 720.2 provides a defense to perjury "if the person retracts the false statement in the course of the proceedings where it was

made before the false statement has substantially affected the proceeding." "The essential purpose of a retraction or recantation defense is to encourage a perjurer to set the record straight, that is, to reveal the truth." *State v. Hawkins*, 620 N.W.2d 256, 260 (Iowa 2000).

Randolph did no such thing. After he testified that Banks did not have a gun, the prosecutor confronted him with his prior contrary assertions. Rather than recanting his trial testimony, he blamed the inconsistency on coercion by the police officers. He testified, "[T]hey told me if I don't say whose gun it was I'm going to go to jail. So I told them what they wanted to hear."[1] In short, Randolph disavowed his original story rather than the testimony he gave under oath. The retraction defense simply does not apply.

We affirm Randolph's judgment and sentence for perjury.

**AFFIRMED.**

---

[1] Each of the officers who spoke to Randolph on the day of the altercation denied coercion.